UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PERFECT BODY IMAGE, LLC, d/b/a
PERFECT BODY LASER AND AESTHETICS,

                            Plaintiff,                         MEMORANDUM
                                                                   AND ORDER

                        -against-                              20-CV-631 (AMD)

PERFECT BODY SKIN LASER CENTER,
LLC, et al.,

                            Defendants.
----------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

       On February 4, 2020, plaintiff Perfect Body Image, LLC ("plaintiff") filed this trademark infringement action against four defendants - Perfect Body Skin Laser Center, LLC (the "entity defendant") and three individuals (i.e., Frieda Razabi, Shlomo Razabi and Rita Cohen) who are alleged to be co-owners of the entity defendant. See Complaint (Feb. 4, 2020), Electronic Case Filing Docket Entry ("DE") #1. According to the docket sheet, plaintiff caused the entity defendant to be served by delivering a copy of the summons and complaint to New York's Secretary of State on March 2, 2020, see Summons Returned Executed (Mar. 9, 2020), DE #8, just days before Governor Andrew Cuomo declared a state of emergency due to the COVID-19 pandemic. On April 5, 2020, plaintiff requested a certificate of default against the entity defendant, see Request for Certificate of Default (Apr. 5, 2020), DE #9, and the Clerk of the Court noted its default on April 10, 2020, see Clerk's Entry of Default (Apr. 10, 2020), DE #10.

Thereafter, on May 12, 2020, beyond the 90-day period authorized by Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff served two of the three individual defendants.  <u>See</u> Summons Returned Executed (May 14, 2020), DE #11, #12.  For all that appears from the docket, defendant Cohen has never been served.  Nevertheless, on June 1, 2020, all three individual defendants filed timely answers, <u>see</u> Answer (June 1, 2020), DE #13, #14, #16, along with an answer filed on behalf of the entity defendant, <u>see</u> Answer (June 1, 2020), DE #15.

In light of the pandemic-related restrictions imposed on businesses and individuals since mid-March, this Court would be inclined to forgive plaintiff's delay in serving the individual defendants and would look favorably upon a motion filed by the entity defendant to vacate the notation of default, as it is possible that the business never received or was closed when the Secretary of State's notice of the litigation was or should have been sent.  However, although individuals are permitted to represent themselves, without counsel, in federal court, entities including limited liability companies (or LLCs) are not.  <u>See, e.g.</u>, <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 140 (2d Cir. 2007).  Accordingly, if the defendant entity wishes to defend itself against the claims in this case, it must obtain a licensed attorney to represent it, and that attorney must file a notice of appearance no later than July 10, 2020.  Defense counsel is encouraged to confer with plaintiff's counsel in an effort to secure plaintiff's consent to vacate the notation of default and thereby avoid the need for motions practice on that issue.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**June 8, 2020**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**